FILED
1997 MAY 28 PM 2:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **LINDA AUSTON**, | ]<br>]|
| Plaintiff(s), | ]<br>] |
| vs. | ] CV-96-N-1784-S<br>] |
| **WAL-MART STORES, INC.**, | ]<br>] |
| Defendant(s). | ] |

ENTERED
MAY 28 1997

**Memorandum of Opinion**

**I.   Introduction.**

In this personal injury action, the plaintiff, Linda Auston ("Ms. Auston"), has brought claims against the defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), pursuant to Alabama state law, asserting the defendant acted with negligence and wantonness. Specifically, her complaint alleges that she was a business invitee of Wal-Mart and that the defendant negligently and wantonly breached its duty of care to her as an invitee by failing to maintain sufficient clear space on its front sidewalk for Ms. Auston to safely navigate in her wheelchair. She states that lack of unobstructed space created a dangerous and defective condition, the existence of which the defendant had a duty to warn its customers. She further avers that she was injured when she rolled one wheel of her wheelchair off the edge of the sidewalk and fell.

Ms. Auston originally filed her complaint in the Circuit Court of Jefferson County, Alabama, and Wal-Mart removed to this court. The court has jurisdiction pursuant to 28 U.S.C. § 1332.

The matter is presently before the court on the defendant's motion for summary judgment, filed on March 14, 1997. The motion, having been briefed by the parties, was submitted at the court's regularly scheduled motion docket on May 28, 1997. In the plaintiff's responsive submission, she voluntarily dismisses her claim for wantonness. *Respondent's Amended Initial Submission* at 1. Upon due consideration, the motion will be granted and all the claims dismissed.

## II.   Statement of Facts.[1]

The plaintiff has used a wheelchair since November 1995. While she can walk with the aid of a walker, she uses the wheelchair when she shops. At 9:00 a.m. on May 4, 1996, she went to the Wal-Mart store located in Bessemer, Alabama. Ms. Auston was forty-five years old at the time. She was accompanied by her daughter, Kelly Auston, and used her wheelchair. She had visited this store five or six times previously in her chair and had shopped at other stores as well, while using her wheelchair. Prior to April of 1996, Ms. Auston had relied on someone to push her wheelchair while she was shopping. One month prior to the incident in question, however, she began navigating the chair on her own and had shopped at the Bessemer Wal-Mart store while doing so. She did rely, however, on someone to push her through the store entrance doors.

Upon arriving at the Wal-Mart store, Kelly parked their car, removed the wheelchair from the car's trunk, and pushed the plaintiff toward the store. Before they entered,

---

[1] The facts set out below are gleaned from the parties' submission of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

however, Ms. Auston noticed some arts and crafts display tables located on the front sidewalk of the store. Behind the tables and against the store wall, Wal-Mart was displaying some bicycles. The plaintiff told her daughter that she wished to look at the tables when they exited the store.

They remained in the store for approximately two hours, shopping and eating lunch at the McDonald's restaurant located within the store. Kelly then carried their shopping bags while she exited the store in front of the plaintiff. Ms. Auston wheeled her chair by herself through the exit door and told Kelly she wished to look at the crafts tables. Kelly then walked to the car.

Two or three display tables were set up to the left of the store entrance.[2] One person sat behind each table; however, the plaintiff had never seen the individuals before and did not notice any indication that they worked for Wal-Mart. Carolyn Snider, a sales associate at the Bessemer Wal-Mart store, was seated at the third display table, farthest from the store entrance. Ms. Auston admitted in deposition testimony that before she navigated her wheelchair toward the tables, she made certain there was adequate room between the tables and the curb so that her chair would not fall off onto the parking lot. *Plaintiff's Deposition* at 101-02. She determined that there was enough space and moved to the first table. After remaining in front of that table for approximately one minute, she

---

[2] The evidence is unclear as to whether there were two or three display tables. Carolyn Snider states in paragraph 3 of her affidavit that there were three, while she states in paragraph 5 that there were only two. *Defendant's Exhibit 2* at 1. Furthermore, the plaintiff testified in deposition that there were two. *Plaintiff's Deposition* at 89. There is also some confusion in the evidence as to whether the tables were located to the right or the left of the store entrance. In deposition, Ms. Auston testified they were on the right side of the entrance, but she apparently meant that they were on the right as one looked out of the store, *See id.* at 97-98.

negotiated her chair past it and toward the next one. Ms. Auston testified in deposition that she wanted to place her chair as close to the table as possible so that others could walk between her wheelchair and the curb of the sidewalk. She talked briefly to Ms. Snider, the salesperson at the table, and purchased a frame.[3] She then looked over her left shoulder to make certain no one was behind her, and, believing she had enough room to turn the wheelchair around, she pushed the wheelchair backwards. Ms. Snider believes that, because the plaintiff's chair was facing away from the entrance of the store, she was attempting to turn the chair around. The chair's left wheel rolled over the sidewalk edge, and Ms. Auston fell out of the chair onto the fire lane of the parking lot, breaking the bone in her right upper arm. Ms. Auston's daughter then walked to her mother and said she would call 911. A Wal-Mart manager came to the scene and, along with Ms. Snider, remained with Ms. Auston until the paramedics arrived to take her to the hospital.

The sidewalk in front of the Bessemer Wal-Mart store is approximately 14½ feet wide from the front store wall to the parking lot. Each display table was approximately four feet wide. Additionally, the defendant had displayed 50 to 75 bicycles along the front wall of the store, approximately four feet eight inches behind the tables. Ms. Auston's wheelchair was approximately 26 inches wide. The parties dispute the width of the sidewalk that remained unobstructed between the tables and the parking lot. Wal-Mart cites evidence stating that five and one-half feet of sidewalk remained open in front of the display tables,

---

[3] Ms. Snider stated in her affidavit that the plaintiff successfully navigated past the first two tables before visiting the table at which Ms. Snider worked. *Defendant's Exhibit 2* at 2 (unnumbered pages).

*see Snider Affidavit* at ¶ 5, while the plaintiff claims the width was three feet, ten inches. *Plaintiff's Affidavit* at ¶¶ 5, 6.

Prior to the incident, Wal-Mart received no complaints that there was insufficient room for customers to walk or move on the sidewalk in front of the display tables. Ms. Auston is not aware of any report to Wal-Mart prior to her accident that there was insufficient room to maneuver a wheelchair between the display tables and the curb of the sidewalk. Many of the store's customers pushed shopping carts in front of the tables and had no trouble doing so.

### III.   Summary Judgment Standard.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party

support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

6

must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11(1983) (indicating the standard for summary judgment is "[s]ubstantively . . . very close" to that for motions for directed verdict). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are functions of the jury, and, therefore, "[t]he evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

**IV.    Discussion.**

Ms. Auston contends that Wal-Mart had a duty to her as its business invitee to maintain the store premises in a reasonably safe manner and to warn her of hazardous conditions. She avers that the defendant negligently breached this duty when it failed to leave sufficient unobstructed space on the sidewalk in which she could successfully

7

navigate her wheelchair without mishap and failed to warn her that she could not do so. As a result of the breach of duty, she asserts she was injured when her wheelchair fell off the sidewalk curb. *Complaint* at 2-3 (unnumbered pages).

In order to establish a cause of action for negligence in these circumstances, Alabama law requires Ms. Auston to prove that (1) Wal-Mart owed her a legal duty; (2) Wal-Mart breached that duty; (3) she was injured; and (4) that Wal-Mart's breach of duty proximately caused her injuries. *See Jones v. Newton*, 454 So. 2d 1345, 1348 (Ala. 1984). A business owner or occupant owes a duty of care to its invitees to "'exercise reasonable care in maintaining the premises in a reasonably safe condition.'" *McClendon v. Mountain Top Indoor Flea Market, Inc.*, 601 So. 2d 957, 959 (Ala. 1992) (quoting *Bogue v. R & M Grocery*, 553 So. 2d 545, 547 (Ala. 1989)); *see also Handley v. United States*, 889 F. Supp. 1480, 1482 (M.D. Ala. 1995). If the premises are unsafe, the business operator has a "'duty to warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant.'" *McClendon*, 601 So. 2d at 959 (quoting *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980)). The business operator "'is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.'" *Terry v. Life Ins. Co. of Ga.*, 551 So. 2d 385, 386 (Ala. 1989) (quoting Restatement (Second) of Torts § 343A (1965)).

> The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the

8

> owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care. The entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries. Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable.

*McClendon*, 601 So. 2d at 959 (citations omitted) (quoting *Quillen*, 388 So. 2d at 989). Dangers that are open and obvious or that should be known to an invitee in the exercise of reasonable care do not require a warning. *Tidd v. Walmart Stores, Inc.*, 757 F. Supp. 1322, 1323 (N.D. Ala. 1991); *Owens v. National Sec. of Ala., Inc.*, 454 So. 2d 1387, 1389 (Ala. 1984). A danger is open and obvious if a person is aware of and appreciates the danger and acts more carefully because of this perception. *Harding v. Pierce Hardy Real Estate*, 628 So. 2d 461, 463 (Ala. 1993).

Placing display tables on a sidewalk so that three feet, ten inches of navigable sidewalk space remain in front of the tables is not a dangerous condition and does not rise to the level of hidden snares and traps. Even if such a configuration were unsafe, however, the amount of clear sidewalk space available for use by store patrons is open, obvious and discoverable in the exercise of reasonable care. Therefore, under Alabama law, Wal-Mart had no duty to warn the plaintiff of a condition that should have been known to her. Ms. Auston testified in deposition that, prior to approaching the display tables in her wheelchair, she made certain she had enough room to do so. She further testified that while stopped at one of the tables, she pushed her chair as close to the table as possible so that other shoppers could pass on the sidewalk. She stated, however, that there was not much room behind her. The undisputed facts clearly indicate that the plaintiff was aware

of the limited space which she had to navigate her wheelchair. Wal-Mart thus had no duty to warn her of the condition and, according to Alabama law, is not liable for any injury she sustained as a result of her fall. Accordingly, the defendant's motion will be granted and the claim dismissed.

## V. Conclusion.

The plaintiff has raised no genuine issue of material fact as to her negligence claim. Therefore, the defendant's motion for summary judgment will be granted and the claim dismissed. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 28th of May, 1997.

_____<br>
EDWIN L. NELSON<br>
UNITED STATES DISTRICT JUDGE